as a whole, the record shows that the powder in question is used primarily as a cleaning agent, and, in the process of cleaning, it does serve the purpose to some extent of disinfecting, deodorizing, and destroying bacteria.

Webster's New International Dictionary, second edition, defines bactericide as "Anything that destroys bacteria" and disinfectant as "An agent that frees from infection; usually, a chemical agent which destroys disease germs or other harmful microorganisms (but not, ordinarily, bacterial spores);—commonly used of substances applied to inanimate objects." The same authority defines a deodorant as "Anything that destroys or masks offensive odors. It may or may not be an antiseptic or disinfectant."

From these definitions, it would appear that a strong cleanser, composed of caustic soda, phosphoric acid, and chlorine, might very well serve as a cleanser for the purpose of removing dirt and other obnoxious matter which are the source of unpleasant odors and which might well contain organisms that are destroyed in the cleaning process. Certainly, the testimony warrants the conclusion that the primary use of the merchandise in question is as a cleaning agent for bulk equipment, the cleansing of which requires strong, penetrating cleaning agents.

As between paragraph 5, *supra*, which is general in character and provides for all chemical elements, all chemical salts and compounds, etc., and paragraph 13 of the tariff act, which provides specifically for "Blackings, powders, liquids, and creams for cleaning or polishing, not specially provided for," the latter provisions are more specifically applicable to the imported product.

The only case cited in the briefs of the parties is that of *Abercrombie & Fitch Co.* v. *United States*, 71 Treas. Dec. 161, T.D. 48779. That case, however, involved a certain cream used principally for keeping leather dry and also having a slight polishing effect. The court held the merchandise more specifically covered by paragraph 13 of the Tariff Act of 1930 as a polishing cream than by the more general provisions of paragraph 1558 of the act for nonenumerated manufactured articles. While the cited case appears to lend some support to the plaintiff's contention, this court would not be warranted in basing its decision on the authority of that case alone.

However, on the basis of the record here presented which, in our opinion, establishes that the involved product has substantial uses as a cleaning agent, we hold the merchandise properly dutiable under paragraph 13 of the Tariff Act of 1930, as modified by the Sixth Protocol to the General Agreement on Tariffs and Trade, T.D. 54108, at the rate of 6 per centum ad valorem, under the provision therein for "Blackings, powders, liquids, and creams for cleaning or polishing, not specially provided for, and not containing alcohol," as claimed. The protest is sustained. Judgment will be rendered accordingly.

BEFORE THE SECOND DIVISION, APRIL 17, 1961

No. 65456.—Sears, Roebuck and Co. v. United States, protests 295575–K, etc. (Portland, Oreg.).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise and issues herein are similar in all material respects to those the subject of *United States* v. *Schmidt Pritchard & Co. et al.* (47 C.C.P.A. 152, C.A.D. 750), the claim of the plaintiff was sustained.

**No. 65457.**—Abraham & Straus, a Division of Federated Department Stores, Inc., et al. *v.* United States, protests 301342–K, etc. (New York).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise and issues herein are similar in all material respects to those the subject of *United States* v. *Schmidt Pritchard & Co. et al.* (47 C.C.P.A. 152, C.A.D. 750), the claim of the plaintiffs was sustained.

**No. 65458.**—Sears, Roebuck and Co. *v.* United States, protests 58/14217, etc. (San Francisco).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise and issues herein are similar in all material respects to those the subject of *United States* v. *Schmidt Pritchard & Co. et al.* (47 C.C.P.A. 152, C.A.D. 750), the claim of the plaintiff was sustained.

**No. 65459.**—Seedman International Corp. et al. *v.* United States, protests 59/5822, etc. (Los Angeles).